AMI M. WHITE, Respondent, v. JOSEPH PRADER, Appellant.

December 20, 1856.

**Assault and Battery—Excessive Damages.**—A judgment for five thousand dollars for an assault and battery is held excessive and reversed.

APPEAL from Superior Court, San Francisco County.

Cook & Olds for respondent; Smith & Hardy for appellant.

MURRAY, C. J.—It has been long settled that in actions for assault and battery, damages are a question for the jury, and that courts should be exceedingly guarded in interfering with verdicts in such cases, but it is equally true that the jury are not the uncontrolled judges of the propriety of their own verdicts, and it is the duty of the courts in aggravated cases, where the damages given are so excessive as to warrant the presumption of malice or prejudice, to interfere and set them aside. This power we have seldom been called upon to exercise, but whenever a proper case has been shown, we have not refused to grant a new trial. There is no sanctity about the verdict of a jury that would warrant a court in standing by and allowing a party to be ruined by their ignorance, caprice or prejudice. Having premised thus much as to the power of courts, we will proceed to examine the facts of the case.

It appears that the defendant, while in a state of intoxication, was found in the premises of the plaintiff (a cellar for bottling ale and porter). Whether his inebriety was occasioned by liquors obtained there or at some other establishment does not appear. While lying in a state of stupefaction, the plaintiff approached him and tried to awaken him, and finally succeeded in doing so by pushing him with his foot upon the head and shoulders. The defendant, aroused by this process (not very gentle, to say the least of it) and scarce awake, saw the plaintiff standing over him, kicking or pushing him, and, raising to his knees, uttered one of the slang phrases of the day, the meaning of which

is that he was not to be trifled with or insulted. Thereupon, the plaintiff made a rush at him and struck at him, thinking, as the proof most abundantly shows. that the defendant was so drunk he would have an easy victory. But it seems that "he had reckoned without his host," and the defendant soon changed the odds of the battle, and the plaintiff got considerably worsted in the encounter—so much so, that he was confined to his bed for some two weeks and put to two hundred dollars expense for medical services.

For this unfortunate termination of the plaintiff's pugilistic essay the jury have charged the defendant the sum of five thousand dollars. Heretofore, the victor in such controversies has generally been the gainer; but it appears that the rule has been changed in this instance, and the jury have awarded damages to the unsuccessful party—whether out of sympathy at his failure or for the mortification that he experienced in not being able to cope successfully with a drunken man must, as a matter of course, ever remain in doubt. Now, in point of law, the assault by the plaintiff and his attempt to strike the defendant was a sufficient excuse for the appellant to defend himself, although that defense should have proceeded no further than was actually necessary; but even if the defendant forgot himself and in a moment of passion struck more blows than were necessary to repel the attack, this is no ground for so unrighteous a verdict. It is not shown that the plaintiff received any permanent injuries or that his time for two weeks was worth five thousand dollars. It is not shown that he has been injured socially by this affair or that there were any circumstances of aggravation warranting so large a verdict.

If the plaintiff had desired, he might have had the defendant peaceably removed by an officer, or he might have employed sufficient force to eject him, but he had no right to resort to violence, particularly as he seemed to be engaged in a business the necessary result of which was to bring men to the condition of the defendant.

From an examination of the whole case we are of opinion that the damages are excessive, unconscionable and unjust.

The judgment is reversed and the cause remanded.

I concur: Terry, J.